IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY L. ADAMS, # 180127, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACTION NO. 2:07cv351-MEF |
| | ) | (WO) |
| PRISON HEALTH SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Anthony L. Adams, ("Adams"), a state prisoner, claims his civil rights were violated during his imprisonment in the Bullock County Correctional Facility. He names as defendants Prison Health Services and Dr. Tahir Siddiq, Medical Director for Bullock County Correctional Facility. Specifically, Adams contends that the defendants acted with deliberate indifference to his health by failing to provide him adequate medical treatment for ulcers and a malfunctioning esophagus. Adams also asserts a state law claim of negligence against the defendants.

The defendants filed a written report and supporting evidentiary materials addressing Adams' claim for relief. (Doc. No. 10.) The court deems it appropriate to treat this responsive pleading as a motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof, and the response in opposition filed by Adams, the court concludes that the defendants' motion for summary judgment should be

granted.

## II. DISCUSSION

### A. The Eighth Amendment Claim

In their report, the defendants asserts that the claims against them are due to be dismissed because Adams has failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Specifically, the defendants maintain, and the undisputed evidentiary material demonstrates that, with respect to the claims against Prison Health Services, Inc., and Dr. Siddiq, Adams has failed to exhaust the administrative remedies available to him through the medical defendants' grievance procedure. (Doc. # 10, *Defs' Special Report* at 8).

The PLRA requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether

they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Moreover, exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Jones v. Bock,* ___ U.S. ___, 127 S.Ct. 910, 918-19 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). *See also Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998).

Furthermore, the plaintiff is required by the PLRA to *properly* exhaust his claims. *Woodford v Ngo*, ___ U.S.___, 126 S.Ct. 2378, 2387 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without some orderly structure on the course of its proceedings." *Id*. at 2386. Thus, "a prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 2384.

It is undisputed that Prison Health Services has a grievance procedure and that Adams has not availed himself of it. The undisputed evidentiary materials submitted by Prison Health Services and Dr. Siddiq demonstrate that Adams failed to file a grievance challenging the medical treatment about which he now complains. In his response to Prison Health Services' special report, Adams does not dispute the defendants' affirmative defense that he has failed to exhaust an available administrative remedy. The court therefore concludes that

Adams' failure to exhaust an administrative remedy provided by the medical defendants requires dismissal of his claims against them challenging the medical treatment provided to him. *Jones*, ___ U.S. at ___, 127 S.Ct. at 923; *Woodford*, ___ U.S. at ___, 126 S.Ct. at 2383; *Porter*, 534 U.S. at 524; *Booth*, 532 U.S. at 739. Consequently, the defendants' motion for summary judgment with respect to the plaintiff's claim that the defendants acted with deliberate indifference to his health should be granted and this claim should be dismissed without prejudice.[1]

## B. The State Law Claims

The court's exercise of supplemental jurisdiction over the remaining state law claims is discretionary. Under 28 U.S.C. § 1367(c)(3), the court may "decline to exercise supplemental jurisdiction over a [state law] claim if the district court has dismissed all claims over which it has original jurisdiction . . . " The court's discretion is advised by *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), in which the Court held that

> [n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.

---

[1] While the plaintiff's Eighth Amendment claim is dismissed on the grounds that the plaintiff failed to exhaust his administrative remedies, the merits of the case are also properly before the court. If the court had reached the merits of Adams' deliberate indifference claim, the court has no hesitation in saying that the case undoubtedly would have been dismissed with prejudice because those materials show that Adams has failed to create a genuine issue of fact concerning whether the defendants in any way disregarded a substantial risk to his health by delaying or denying adequate medical treatment for his ulcers, GERD, or other medical conditions. However, the original complaint was not clearly frivolous on its face. Thus, the court entered an order of procedure, and the defendants filed a special report which both raised affirmative defenses and addressed the merits. Here, the exhaustion issue trumps consideration of the merits.

> Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*Id*. at 726. And, in *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988), the Supreme Court reiterated that "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice . . . " Accordingly, the court concludes that the state law claims should be dismissed without prejudice.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion for summary judgment be GRANTED. (Doc. No. 10)

2. This case be dismissed without prejudice.

3. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that the parties are DIRECTED to file any objections to the **on or before November 6, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 25th day of October, 2007.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE